IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRIS SECHLER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action, Case No.: _____ |
| v. ) | |
| ) | **JURY DEMANDED** |
| BYRDCORP, INC., d/b/a ELITE ) | |
| MULTIMEDIA, *a Tennessee Corporation,* ) | |
| PIXELFLEX, LLC, *a Tennessee Limited Liability* ) | |
| *Company,* & ELITE MULTIMEDIA ) | |
| PRODUCTIONS, INC., ) | |
| *a Tennessee corporation.* ) | |
| ) | |
| **Defendants.** ) | |

## VERIFIED COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

**COMES NOW** the Plaintiff, Chris Sechler (hereinafter referred to as "Mr. Sechler"), by and through counsel, and for his Complaint against Defendants, BYRDCORP, Inc., d/b/a Elite Multimedia, PixelFlex, LLC and Elite Multimedia Productions, Inc. (hereinafter "Defendants"), states as follows:

### NATURE OF THE COMPLAINT

1. Mr. Sechler brings a cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Mr. Sechler brings this action against Defendants, BYRDCORP, Inc., d/b/a Elite Multimedia, a Tennessee corporation, PixelFlex, LLC and Elite Multimedia Productions, Inc., a Tennessee corporation for unpaid overtime compensation and related penalties and damages and

1

for failure to pay him for all hours worked. He alleges, that Defendants failed and refused to pay him overtime pay for overtime worked and failed and refused to pay him straight time for all hours worked.

3. Defendants' practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Mr. Sechler seeks declaratory relief; overtime premiums for all overtime work required, suffered, or permitted by Defendants; straight time wages for all hours worked and not compensated; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

4. Defendants' practice and policy is, and has been since on or about November 1, 2011 to willfully fail and refuse to pay overtime compensation due and owing to Mr. Sechler in violation of the FLSA, and to willfully fail to compensate Mr. Sechler for all hours worked while employed by Defendants.

5. Defendants instituted and carried out an unlawful policy and practice of refusing to pay, Mr. Sechler for all time worked and refusing to pay him overtime for all hours worked in any given work week over forty, notwithstanding that he as an non-exempt employee is entitled to overtime pay under the FLSA.

6. Currently and since approximately November 2011, Mr. Sechler has worked overtime hours without proper compensation.

## PARTIES

7. Mr. Sechler is a resident of Horn Lake, DeSoto County, Mississippi.

8. At all relevant times, Mr. Sechler was an employee of Defendants for FLSA purposes.

9. Defendant BYRDCORP, Inc., d/b/a Elite Multimedia is a corporation organized

under the laws of the State of Tennessee with its primary place of business in Memphis, Tennessee and may be served through its registered agent Mr. Jeremy Byrd at 2756 Appling Center Cove, Suite 104, Memphis, TN 38133. At all relevant times complained of herein, Defendant was an employer as contemplated in T.C.A. §4-21-102(4).

10. Defendant PixelFlex, LLC is a Limited Liability Company organized under the laws of the State of Tennessee with its primary place of business in Nashville, Tennessee and may be served through its registered agent Mr. Jeremy Byrd at 2756 Appling Center Cove, Suite 104, Memphis, TN 38133. At all relevant times complained of herein, Defendant was an employer as contemplated in T.C.A. §4-21-102(4).

11. Defendant Elite Multimedia Productions, Inc. is a corporation organized under the laws of the State of Tennessee with its primary place of business in Nashville, Tennessee and may be served through its registered agent Mr. Jeremy Byrd at 4880 Valley Von Way, Arlington, Tennessee 38002. At all relevant times complained of herein, Defendant was an employer as contemplated in T.C.A. §4-21-102(4).

12. Upon information and belief, Defendants employ or employed Mr. Sechler.

## JURISDICTION AND VENUE

13. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

14. The Western District of Tennessee, Western Division, has personal jurisdiction over Defendants because they are doing business in Tennessee and in this judicial District.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

16. Defendants have employed Mr. Sechler from approximately May 2011 until the present.

17. On or about May 1, 2011, Mr. Sechler was initially hired by Defendants as an LED technician.

18. Defendant employed Mr. Sechler part-time from May 2011 to November of 2011.

19. On or about November 1, 2011, Mr. Sechler began to work full time for Defendants.

20. On or about April 2, 2012, Mr. Sechler became a so-called "manager," who continued the majority of the time to perform his same LED technician duties.

21. Defendants gave Mr. Sechler the title of so-called "manager," but he still performed his non-exempt LED technician duties.

22. Defendants failed and refused to pay Mr. Sechler straight time for all time worked and overtime compensation for all hours worked in any given work week over forty (40).

23. Defendants paid Mr. Sechler a so-called "salary" intended to compensate him for forty (40) hours a week.

24. Mr. Sechler routinely worked more than forty (40) hours in a given work week.

25. Defendants claim that Mr. Sechler was an exempt employee.

26. His primary duties in both positions were to be familiar with and display proficiency of proper repair techniques including, but not limited to, soldering, parts installation and removal, and use of test equipment preparing orders for shipment. His primary duties did not qualify him for exempt status.

27. Interviewing, selecting and training employees for Defendants were not a part of his primary job duties.

28. Mr. Sechler was not responsible for determining employees' pay rates and work hours.

29. Mr. Sechler did not maintain the companies' production or sales records to use in supervision or control of Defendants' employees.

30. Mr. Sechler was not responsible for evaluating Defendants' employees' productivity and job performance or their raises or promotions.

31. Mr. Sechler did not discipline Defendants' employees and was not in charge of resolving their complaints.

32. Mr. Sechler was not responsible for deciding what kind of materials, products, supplies, machinery or tools would be bought and used by Defendants neither did he control the flow and distribution of said materials.

33. Mr. Sechler was not responsible for the safety of the employees and property of Defendants.

34. Mr. Sechler routinely worked more than forty (40) hours in a given work week.

35. Defendants refused to pay Mr. Sechler one and one half times his regular rate (overtime compensation) for each hours he worked over forty (40).

36. Defendants required Mr. Sechler to work more than forty (40) hours a week and did not compensate him for hours worked over forty (40).

37. Defendants told Mr. Sechler which work assignments to complete, when they had to be completed, and how work should be performed.

38. All Defendants had the power to hire and fire the Defendant, and termination from any one Defendant would end his employment with all Defendants.

39. All Defendants, who act as one entity, control the number of hours Mr. Sechler works, and the rate and method of his payment.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Mr. Sechler, on behalf of himself re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 39 as if they were set forth fully herein.

41. Upon information and belief, at all relevant times, Defendants have been, and continue to be, "employers" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

42. Upon information and belief, at all relevant times, Defendants have employed and/or continue to employ "employee[s]," including Mr. Sechler.

43. Upon information and belief, at all relevant times, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

44. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

45. Mr. Sechler is not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA. Mr. Sechler is entitled to be paid compensation for all hours worked and are entitled to be paid overtime compensation for all overtime hours worked.

46. As a result of Defendants' failure to compensate Mr. Sechler for all hours worked and to compensate him at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated, and continue to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. Defendants are joint employers of Mr. Sechler.

49. Defendants act as one employer.

50. All Defendants hired Mr. Sechler at the start of his employment.

51. Termination of employment with one Defendant would result in termination of his employment from all Defendants.

52. Defendants each have the power to control Mr. Sechler's work assignments, the hours that he works, and his job duties.

53. Defendants, acting together, set the amount and method of payment.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Sechler prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-Judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages and penalties in an exact amount to be determined at trial;

4. Award him costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Mr. Sechler hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: July 25, 2014

Respectfully submitted,

/s/ Laura Ann E. Bailey
Laura Ann E. Bailey, TN Bar No. 027078
Alan G. Crone, TN Bar No. 014285
CRONE & McEVOY, PLC
5583 Murray Road, Suite 120
Memphis, TN 38119
800.403.7868 (voice)
901.737.7740 (voice)
901.737.7558 (fax)
acrone@thecmfirm.com
lbailey@thecmfirm.com

*Attorneys for Plaintiff*

## DECLARATION AND VERIFICATION

I, Chris Sechler, verify and declare that the facts stated in the foregoing Verified Complaint for Violation of the Fair Labor Standards Act to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

_____
Chris Sechler

Date: 7/12/14